UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRILL OATES,<br><br>    Plaintiff,<br><br>    v.<br><br>BAC HOME LOANS SERVICING LP and IMPAC MORTGAGE HOLDINGS, INC.,<br><br>    Defendants. | CASE NO. SACV 10-01092 AG (RNBx)<br><br>**ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS** |

In this case involving claims for breach of contract, negligence, and misrepresentation, Defendants BAC Home Loans Servicing, LP ("BAC") and Impac Mortgage Holdings, Inc. ("Impac") (collectively, "Defendants") bring a Motion to Dismiss various claims of Plaintiff's Complaint for Failure to State a Claim ("Motion"). The Court GRANTS IN PART the Motion.

**BACKGROUND**

The following facts are taken from Plaintiff's Complaint, and as it must for this Motion, the Court assumes them to be true.

Plaintiff purchased property with a purchase money loan, and in October 2009, BAC

agreed to modify the loan. (Complaint ¶ 15.) In November 2009, Impac offered an additional loan modification with more favorable terms than those previously offered by BAC. (*Id.* ¶ 19.) Plaintiff paid Impac a $2,495 processing fee for the modification. (*Id.* ¶ 21.) BAC prepared the paperwork, and Plaintiff executed and returned the paperwork. (*Id.* ¶ 23.) But despite the modification, beginning in January 2010, Plaintiff began receiving collection calls from BAC requesting the difference between the new and old loan payment amounts. (*Id.* ¶ 26.) Plaintiff was unable to rectify the problem by explaining the details of her situation to various BAC employees. (*Id.* ¶ 27.)

Based on these facts and others, Plaintiff alleges 13 claims against Defendants, numbered as follows: (1) Violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 *et seq.*; (2) Violation of the Rosenthal Fair Debt Collection Practices Act; (3) Violation of Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.*; (4) Breach of Contract; (5) Negligence; (6) Negligent Interference With Prospective Economic Advantage; (7) Negligent Infliction of Emotional Distress; (8) Unjust Enrichment; (9) Promissory Estoppel; (10) Intentional Misrepresentation; (11) Negligent Misrepresentation; (12) Intentional Infliction of Emotional Distress; and (13) Violation of California Business and Professions Code §§ 17200 *et seq.* Defendants move to dismiss claims 1, 5, 6, 7, 8, 9, 12, and part of 13.

**LEGAL STANDARD**

A court should dismiss a complaint when its allegations fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations' are not required." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). The Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff. *Pollard v. Geo Group, Inc.*, 607 F.3d 583, 585 n.3 (9th Cir. 2010); *Westlands Water Dist. v. Firebaugh*

*Canal*, 10 F.3d 667, 670 (9th Cir. 1993).

But the complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1940 (citing *Twombly*, 550 U.S. at 556). A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," *id.*, or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

**1.     PLAINTIFF'S FIRST CLAIM, FOR RESPA VIOLATIONS**

Plaintiff's first claim is for RESPA violations under 12 U.S.C. §§ 2601 *et seq.* The parties dispute whether Plaintiff has sufficiently alleged actual damages for a RESPA claim.

Plaintiff claims she has suffered various actual damages, including (1) "apply[ing] to this Court for judicial resolution" of the matter; (2) suffering "adverse credit score reporting"; (3) suffering "embarrassment, humiliation, and exasperation"; (4) suffering "constant collection calls"; (5) "pay[ing] filing fee of $350 to initiate this action"; (6) paying Impac an upfront processing fee of $2,495 for a loan modification that Defendants never recognized; and (7) time lost working at her job.

But these are not proper damages for a RESPA claim. First, filing suit and paying a filing fee are not proper damages here. Otherwise, every RESPA suit would inherently have a damages claim built in. Similarly, Plaintiff's allegations of "embarrassment, humiliation, and exasperation" are also not proper, since these allegations would also allow practically any RESPA claim to proceed.

Second, Plaintiff alleges adverse credit score reporting, but does not allege any actual

harm that resulted from the reporting. Without some actual harm that resulted from the reporting, the negative impact on Plaintiff's credit score is not sufficient harm to allow a RESPA claim to proceed.

Third, Plaintiff alleges losses from an "upfront processing fee of $2,495 for a loan modification." But Plaintiff does not show how this fee is a damage caused by Defendants' alleged RESPA violations. This amount appears independent of any RESPA violation by Defendant, and instead seems more closely associated with Plaintiff's breach of contract claim.

Fourth, Plaintiff alleges a pecuniary loss because Plaintiff has devoted time to this action that took away from time working at her job. Plaintiff states that her billing rate as a lawyer is "$325 per hour, for a total of $27,300." But time spent filing the action and litigating the suit are not damages that would allow a RESPA claim to proceed. Otherwise, as previously discussed, all RESPA claims would have a built-in damage provision.

Plaintiff raises additional arguments in her Complaint, but fails to show proper harm with these allegations as well. Therefore, her RESPA claim must fail.

Defendants' Motion is GRANTED as to Plaintiff's first claim, for RESPA violations.

**2.      PLAINTIFF'S FIFTH CLAIM, FOR NEGLIGENCE**

Plaintiff's fifth claim is for negligence. Lending institutions do not owe any duty of care to a borrower where the institution's involvement does not exceed the scope of its role as a mere lender of money. *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1095-96 (1991).

Here, Plaintiff has not sufficiently alleged that any duty of care arose out of the contractual relationship between the parties, despite the existence of loan modification activities between the parties. Since a duty of care is required for a negligence claim, this claim fails.

Defendants' Motion is GRANTED as to Plaintiff's fifth claim, for negligence.

**3. PLAINTIFF'S SIXTH CLAIM, FOR NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

Plaintiff's sixth claim is for negligent interference with prospective economic advantage. The elements of negligent interference with prospective economic advantage are (1) an economic relationship existed between the plaintiff and a third party which contained a reasonably probable future economic benefit or advantage to plaintiff; (2) the defendant knew of the existence of the relationship and was aware or should have been aware that if it did not act with due care its actions would interfere with this relationship and cause plaintiff to lose in whole or in part the probable future economic benefit or advantage of the relationship; (3) the defendant was negligent; and (4) such negligence caused damage to plaintiff in that the relationship was actually interfered with or disrupted and plaintiff lost in whole or in part the economic benefits or advantage reasonably expected from the relationship. *North American Chemical Co. v. Superior Court*, 59 Cal. App. 4th 764, 786 (1997).

Plaintiff's claim for negligent interference with prospective economic advantage fails for multiple reasons. First, like the claim of negligence, negligent interference with economic relationship arises only when the defendant owes the plaintiff a duty of care. *Hsu v. OZ Optics Ltd.*, 211 F.R.D. 615 (N.D. Cal. 2002); *Accuimage Diagnostics Corp v. Terarecon, Inc.*, 260 F. Supp. 2d 941 (N.D. Cal. 2003). As stated previously, BAC owed no duty of care to Plaintiff, and therefore Plaintiff cannot meet the third and fourth elements of the claim.

Further, Plaintiff's economic relationship was directly with BAC. Therefore Plaintiff cannot prove the first element of her claim because Plaintiff is not asserting that BAC interfered with an economic relationship with a third party, but rather with BAC itself. This resembles a breach of contract claim, not a negligent interference with prospective economic advantage claim. Thus, Plaintiff's claim must fail.

Defendants' Motion is GRANTED as to Plaintiff's sixth claim, for negligent interference with prospective economic advantage.

**4.  PLAINTIFF'S SEVENTH CLAIM, FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

Plaintiff's seventh claim is for negligent infliction of emotional distress. But "negligent infliction of emotional distress is not an independent tort" from negligence. *E.g.*, *Christensen v. Superior Court*, 54 Cal. 3d 868, 884 (1991); *Catsouras v. Department of California Highway Patrol*, 181 Cal. App. 4th 856, 875-76 (2010). Therefore, just as Plaintiff's claim for negligence fails, so does Plaintiff's claim for NIED.

Defendants' Motion is GRANTED as to Plaintiff's seventh claim, for negligent infliction of emotional distress.

**5.  PLAINTIFF'S EIGHTH CLAIM, FOR UNJUST ENRICHMENT**

Plaintiff's eighth claim is for unjust enrichment. California does not recognize a separate claim for unjust enrichment. *Olenicoff v. UBS AG, et al.*, Case No. SACV 08-1029 (C.D. Cal. July 31, 2009); *Vincent Consol. Commodities, Inc. v. Am. Trading & Transfer, LLC*, 2007 U.S. Dist. LEXIS 53680 (S.D. Cal. July 24, 2007); *Melchior v. New Line Prod., Inc.*, 106 Cal. App. 4th 779 (2003). "Unjust enrichment" is simply another term for the remedy of restitution, and not a separate cause of action. *Dinosaur Dev., Inc. v. White*, 216 Cal. App. 3d 1310 (1989); *Walker v. USAA Cas. Ins. Co.*, 474 F. Supp. 2d 1168, 1174 (E.D. Cal. 2003); *Lauriedale Assocs., Ltd. v. Wilson*, 7 Cal. App. 4th 1439 (1992). Therefore Plaintiff's eighth claim, for unjust enrichment, must fail.

Defendants' Motion to Dismiss is GRANTED as to Plaintiff's eighth claim, for unjust enrichment.

**6.  PLAINTIFF'S NINTH CLAIM, FOR PROMISSORY ESTOPPEL**

The parties agree that Plaintiff's ninth claim, for promissory estoppel, may proceed as an

alternative claim to Plaintiff's claim for breach of contract.  Therefore, Defendants' Motion as to Plaintiff's promissory estoppel claim is DENIED as moot.

### 7. PLAINTIFF'S TWELFTH CLAIM, FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS ("IIED")

Plaintiffs' twelfth claim is for IIED.  To state a claim for IIED, a plaintiff must allege: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.  *Cervantes v. J.C. Penny*, 24 Cal. 3d 579, 593 (1979).  The conduct must be "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Davidson v. City of Westminister*, 32 Cal. 3d. 197, 210 (1982).

Here, Plaintiff does not allege facts showing that Defendant's conduct was extreme or outrageous, and certainly not "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id*.  Additionally, Plaintiff does not allege sufficient facts showing that Defendants acted with the intention of causing, or reckless disregard of the probability of causing, emotional distress. Plaintiff simply vaguely asserts that Defendants "intended or recklessly disregarded that Plaintiff would rely on their false promises . . . and knew, or should have known that Plaintiff would suffer severe emotional distress."  (Complaint ¶ 158.)  But Plaintiff provides almost no factual support for this assertion in her Complaint.  Therefore Plaintiff's twelfth claim, for IIED, must fail.

Defendants' Motion to Dismiss is GRANTED as to Plaintiff's twelfth claim, for IIED.

### 8. PLAINTIFF'S THIRTEENTH CLAIM, UNDER §§ 17200 ET SEQ ("Section 17200").

Plaintiff thirteenth claim is for unlawful and unfair business practices as defined by California Business & Professions Code Section 17200.

7

Under California law, to establish a claim that a practice is unlawful or unfair under Section 17200, a plaintiff must first establish that some other statute has been violated or some tort has been committed. Under *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163 (Cal. 1999), courts may not simply impose their own notions of fairness or unfairness. Plaintiffs must show a tort, violation of a statute, or violation of some other recognized duty. *Id.*; *see also Diaz v. Allstate Ins. Co.*, 185 F.R.D. 581 (C.D. Cal. 1998); *People ex rel Renne v. Servantes*, 86 Cal. App. 4th 1081 (Cal. Ct. App. 2001).

Here, Plaintiff has largely predicated her Section 17200 claim on her RESPA claim. But, as stated previously, Plaintiff's RESPA claim fails because she has not sufficiently alleged that she suffered damages related to any RESPA violation. Therefore any portions of her Section 17200 claim predicated on the RESPA claim must fail as well.

Further, Section 17200 allows a Plaintiff to bring an independent claim based on fraudulent business practices by a defendant. But although Plaintiff alleges "deceptive" business practices under Section 17200, Plaintiff fails to plead any fraudulent conduct with sufficient particularity.

Plaintiff may in the future be able to state a valid RESPA claim, and at that time Plaintiff may be able to predicate her Section 17200 claim on her RESPA claim. Plaintiff may also be able to predicate her Section 17200 claim on other claims, some of which Defendants have allowed to proceed without a motion to dismiss. Finally, Plaintiff may also be able to state a claim based on potentially fraudulent conduct by Defendant. But, as currently stated, Plaintiff's Section 17200 claim must fail since it is largely predicated on her RESPA claim.

Defendants' Motion to Dismiss is GRANTED as to Plaintiff's thirteenth claim, for violations of Section 17200.

Case 8:10-cv-01092-AG-RNB Document 31 Filed 10/19/10 Page 9 of 10 Page ID #:354

**DISPOSITION**

Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

Here, the Court is satisfied that deficiencies in Plaintiff's unjust enrichment and negligent infliction of emotional distress claims cannot be cured. Therefore the Court GRANTS the Motion without leave to amend as to Plaintiff's seventh claim, for negligent infliction of emotional distress, and eighth claim, for unjust enrichment. The Court GRANTS the Motion with leave to amend as to Plaintiff's first claim, for RESPA violations, fifth claim, for negligence, sixth claim, for negligent interference with prospective economic advantage, twelfth claim, for IIED, and thirteenth claim, for violations of Section 17200. The Court DENIES the Motion as moot as to Plaintiff's ninth claim, for promissory estoppel.

Plaintiff may file an amended complaint within 21 days of this Order, setting forth adequate allegations against Defendant. The amended complaint shall be complete in and of itself, and shall not incorporate by reference any prior pleading.

All parties are alerted to the fact that numerous statutes, programs, and policies are being proposed, enacted, and implemented federally and in California. California Civil Code § 2923.5, also known as the Perata Mortgage Relief Act, requires that, before a notice of default may be filed, a lender must contact the borrower in person or by phone to assess the borrower's financial situation and to explore options to prevent foreclosure. *See Mabry v. Superior Court of Orange County*, 185 Cal. App. 4th 208 (2010).

In addition, see for example the "Housing and Economic Recovery Act of 2008," the "Federal Housing Finance Regulatory Reform Act of 2008," the "HOPE for Homeowners Act of 2008," the "Foreclosure Prevention Act of 2008," the "Mortgage Debt Relief Act of 2007," the "Homeowner Affordability and Stability Plan," the "Making Home Affordable" program, the "Streamlined Mortgage Modification Program," the "Mod in a Box" program, the "HOPE NOW Alliance" program, and the "Homeownership Preservation Policy for Residential Mortgage

Assets." All parties must be aware of the impact these and other statutes, programs, and policies may have on this case, if any.

IT IS SO ORDERED.

DATED: October 19, 2010

_____
Andrew J. Guilford
United States District Judge